## THE PEOPLE v. ROBERT RILEY.

*Liquor traffic—Sale to minor—Charge to jury.*

Where in a prosecution for selling liquor to a minor the undisputed
and only evidence showed such sale in the respondent's pres-
ence, and in such a manner as to make his ignorance of it
impossible, unless he lacked some of his senses, or was will-
fully ignorant, an instruction to the jury that such ignorance
would make no difference, and that he would be liable at all
events, could have no bearing or effect, there being no pretense
of such ignorance.

Exceptions from Berrien. (O'Hara, J.) Argued June 27,
1888. Decided July 11, 1888.

Respondent was convicted of selling liquor to a minor.
Conviction affirmed. The facts are stated in the opinion.

*C. B. & A. H. Potter,* for respondent.

*Moses Taggart,* Attorney General, and *George W. Bridg-
man,* Prosecuting Attorney, for the people.

CAMPBELL, J. Respondent was convicted of selling
intoxicating liquor to Sidney Phillips, a minor. The only
testimony on either side bearing upon the merits was that
of Phillips, who swore he was 17 years old, and that he
drank and gambled in Riley's saloon, when Riley was
present, and that liquor was served him by the bar-
keeper.

Upon this undisputed testimony, which the jury believed
and had no reason for disbelieving, the only two issues of
fact were whether it was Riley's saloon, and whether the
liquor was sold in the manner witness said it was.

But counsel propounded, and the judge considered, a
possible ignorance of Riley concerning the sale of the

liquor. The court charged that such ignorance would make no difference, and that he would be liable at all events.

This might make it necessary to consider the correctness of the charge upon the hypothesis of actual ignorance and moral innocence. But we do not think that question is before us for decision.

The only testimony concerning any sale showed it was in Riley's presence, and that it was impossible he did not know it, unless he lacked some of his senses, or was willfully ignorant. If the jury believed Phillips concerning the sale, they could not disregard the details of it. It would be difficult to find a plainer case of undisputed facts. If it had been possible for the jury to have been misled by the range of discussion in the charge, it might be material; but all that part of it which referred to what might hold an ignorant party could have no bearing or effect where there was no pretense of ignorance. The testimony pointed all in one way.

The conviction was proper, and should be affirmed.

The other Justices concurred.